■ 98-30 67TH AVENUE OWNERS CORP., Appellant, v STILLORGAN REALTY CORP. et al., Respondents.—Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered May 31, 1989, *inter alia,* denying plaintiff's motion for summary judgment pursuant to CPLR 3212 and granting defendant Stillorgan Realty Corp.'s cross motion for partial summary judgment and for leave to amend its answer, unanimously affirmed, without costs.

In this action for breach of contract, plaintiff seeks rescission and return of the deposit money paid towards the purchase of an apartment building located at 98-30 67th Avenue, Forest Hills, New York, from defendant Stillorgan Realty Corp. (Stillorgan). Plaintiff asserts that the defendant was unable to convey title in accordance with the terms of the agreement because six cellar apartments, which were required by the certificate of occupancy to be occupied by commercial tenants, were occupied instead by residential tenants. According to the plaintiff, Stillorgan's inability to convey title in accordance with the terms of the contract constituted a material breach.

Plaintiff moved for summary judgment. Stillorgan opposed the motion and cross-moved for partial summary judgment on its counterclaim for breach of contract, sought leave to amend its counterclaim for actual damages rather than liquidated damages as originally pleaded, and, in the alternative, sought

leave to amend its answer to assert a counterclaim for reformation.

Upon review of the record, we find that the IAS court did not err in granting defendant's cross motion for partial summary judgment. The court determined that the plaintiff had breached the parties' contract, as a matter of law, in purporting to terminate the agreement one day before the scheduled closing, rather than notifying the defendant of the alleged defect in accordance with the contract's 10-day notice provision. *(Maxton Bldrs. v Lo Galbo,* 68 NY2d 373 [1986].)

Plaintiff's uncontroverted failure to give timely notice of an alleged defect and subsequent failure to close constituted a default under the contract. Moreover, there is evidence that the plaintiff had notice of the nonconforming residential occupancy prior to execution of the contract of sale. Concur—Kupferman, J. P., Sullivan, Rosenberger, Kassal and Smith, JJ.